Scadron's Sons, Inc., Plaintiff, *v.* Stanley S. Susskind, Defendant.

Supreme Court, Westchester County, May 9, 1928.

**Master and servant — contract of employment — injunction to restrain defendant from operating business similar to plaintiff's in violation of contract — fact that plaintiff is now incorporated does not invalidate clause of contract.**

Plaintiff is entitled to an injunction *pendente lite*, restraining defendant, a former employee, from engaging in a business similar to plaintiff's, where it appears that while in plaintiff's service, defendant, in writing, agreed not to be engaged in or interested in the same or a similar business in the city where plaintiff's establishment was located, and for three miles from any furthermost point of said city, for a period of three and one-half years from the date of the contract.

The fact that the plaintiff now is a corporation, practicing optometry, does not invalidate the agreement; there is no statute which forbids a corporation practicing optometry when such corporation employs only licensed optometrists to do the work.

Motion by plaintiff for an injunction *pendente lite*.

*Silverman & Stern* [*Sidney Sugarman, Jesse L. Stern* and *Clinton T. Taylor* of counsel], for the plaintiff.

*Harold Kohn* [*Harold Kohn* and *Bern Budd* of counsel], for the defendant.

Young, J. This is a motion by the plaintiff for an injunction *pendente lite*. The motion is made in an action by Scadron's Sons, Inc., plaintiff, against Stanley S. Susskind, defendant. It appears that at one time the defendant was an employee of the plaintiff, and was acting as such employee under a written contract of employment, which, among other things, contained the following covenant: " 7. The said Susskind agrees not to engage or be interested in the same or similar business, directly or indirectly, either as principal, agent, stockholder, partner, or employee, or otherwise, in the city of Mt. Vernon, county of Westchester, New York State, and for three miles from any furthermost point of said city, for a period of $3\frac{1}{2}$ years from the date of these presents."

It is the contention of the defendant that the aforesaid clause is illegal and wholly void now, for the reason that the plaintiff is a corporation and is unlawfully practicing as an oculist, optometrist and optician.   It is contended by the defendant that the practice of optometry by a corporation is unlawful, citing the law which requires an optometrist to obtain a license from the State.

It is the contention of the defendant that the practice of optometry is regulated by the State, the same as the practice of law.   I find no statute anywhere which forbids a corporation to practice optometry, when such corporation employs only licensed optometrists to do the work.

I think it would be inequitable to permit the defendant to deny the validity of an agreement containing such restrictive covenants after working for the plaintiff for a considerable time, at a salary which was increased from time to time, and in which service he learned the business of the plaintiff.   The attorneys for the defendant concede that the question raised by them is novel, and that there are no decisions in this State one way or the other.

I think the motion should be granted, with ten dollars costs, and it is so ordered.